UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHER SANCHEZ DOTEL,
Plaintiff,

-against-

JSN PAINTING LLC, JOHN FASANO, and JANINE FASANO,

Defendants.

**REPORT AND RECOMMENDATION**
1:25-cv-5238 (HG)(PK)

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Joher Sanchez Dotel brought this action against JSN Painting LLC ("JSN"), John Fasano and Janine Fasano ("Individual Defendants," and together with the JSN, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq*. (*See* "Compl.," Dkt. 1). Before me on referral for a report and recommendation is Plaintiff's Motion for Default Judgment. ("Motion," Dkt. 21.) For the reasons stated herein, I respectfully recommend that the Motion be granted as set forth below.

## BACKGROUND

### I. Factual Background

The following facts are taken from the Complaint, Affidavit of Plaintiff Joher Sanchez Dotel ("Dotel Aff.," Dkt 22-10), and Transcript of the Apr. 22, 2026 Damages Inquest ("Tr.") [1] and are accepted as true for purposes of the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (holding that plaintiffs' allegations and sworn statements are accepted as true on a motion for default judgment).

[1] To the extent the hours alleged in the Complaint and Affidavit differ from Plaintiff's testimony during the Inquest, I rely on Plaintiff's sworn testimony.

JSN is a construction contracting company specializing in coatings, painting, and fabric wall coverings for customers in New York. Defendants own and operate JSN. (Compl. ¶ 12.) Mr. Fasano acted as Plaintiff's direct supervisor and was the individual responsible for assigning his work, work schedule, work hours, number of days of work and setting his pay and paying his wages. (Dotel Aff. ¶ 4.) Individual Defendants were in charge of the day-to-day operations of JSN. (*Id.* ¶ 5.)

Plaintiff worked for Defendants as a painter from in or around May 2019 until in or around September 2024. (Compl. ¶ 22; Dotel Aff. ¶ 8). Plaintiff was paid a fixed amount of $225 a day regardless of the number of hours he actually worked. (Dotel Aff. ¶ 11).

From September 2019 until December 2020, Plaintiff worked seven days a week, 16 hours each day, except for April 2020 to August 2020, when he did not work due to the COVID-19 pandemic. (Tr. at 9:4-16; 17:4-6.) Starting in January 2021, he worked six days a week—three days for eight hours and three days for 16 hours. (*Id.* at 20:9-21:17.) Plaintiff did not work for 45 days from December 2021 to January 2022 because he traveled out of the country. (*Id.* at 20:1-6.) During the two weeks of Christmas and New Year's holidays of 2019 and 2020, he worked three days a week for eight hours each day. (*Id.* at 26:19-21.)

Plaintiff alleges that Defendants paid him "approximately every three weeks from in or around June 2023 until in or around September 2024." (Compl. ¶ 31.) During the Inquest, Plaintiff clarified that starting in July 2023, he received one or two weeks worth of pay every three weeks. (Tr. at 22:11-20.) Plaintiff also stated that at times, Defendants would pay the wages for all three weeks and "erase all debt and start[] again." (*Id.* at 23:2-6.)

The Complaint and Plaintiff's Affidavit stated that Plaintiff received no payment for the last 13 weeks of work, which would be around July 1, 2024 to September 30, 2024. (Compl. ¶ 32, Dotel Aff. ¶ 15.) However, during the Inquest, Plaintiff stated that he kept a record of the thirteen weeks for which he was unpaid, and the unpaid weeks were not the last thirteen weeks of his employment.

(Tr. at 23:15-24:11.) Plaintiff stated that he provided these records to his attorneys (Tr. at 24:3-8); however, these records are screenshots of text messages between Plaintiff and Mr. Fasano in which Plaintiff asks Mr. Fasano for payment regarding the seven weeks when he was not paid for his work (Dkt. 27, Ex. B.)

Plaintiff was never paid an overtime premium for hours worked above forty per week. (Compl. ¶ 30.) Defendants paid Plaintiff through a combination of direct deposit and cash and was provided neither a wage notice at the start of his employment nor wage statements with each payment of wages. (Compl. ¶¶ 36-37; Dotel Aff. ¶¶ 12, 18, 21; Tr. at 10:13.)

## II. Procedural Background

Plaintiff filed the Complaint on September 18, 2025, alleging that Defendants violated the FLSA and NYLL by failing to pay overtime wages during the entirety of Plaintiff's employment and failing to pay any wages for thirteen weeks of work, and also that they violated the NYLL by failing to pay wages timely pursuant to the statutorily prescribed schedule under Section 191, to provide wage notices under Section 195(1), and to provide wage statements under Section 195(3).

Defendants failed to timely answer or otherwise respond to the Complaint. Plaintiff requested a Certificate of Default (Dkt. 15), which the Clerk of Court entered on November 10, 2025 (Dkt. 17). Plaintiff filed the Motion on December 17, 2025. (Dkt. 21.)

The Court held an Inquest at which Plaintiff testified. (Apr. 23, 2026 Min. Entry and Order.) Thereafter, Plaintiff filed a revised Damages Chart (Dkt. 27, Ex. A) and supplemental letter brief explaining his calculations of liquidated damages related to his NYLL § 191(1)(a) frequency-of-pay claim (Dkt. 28).

**DISCUSSION**

## I. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment. First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). The plaintiff may then move the Court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2).

"[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). The plaintiff must demonstrate proper service of the summons and complaint. *See Advanced Capital Commercial Group, Inc. v. Suarez*, No. 09-CV-5558(DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013). The Court may also "assure itself that it has personal jurisdiction over the defendant." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (internal quotation omitted). Serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. *See* Fed. R. Civ. P. 4(k)(1)(A). Plaintiff must also establish compliance with the procedural requirements of Local Civ. Rules 7.1 and 55.2.

The Court must then determine whether the plaintiff's "allegations establish [the defendants'] liability as a matter of law." *Finkel*, 577 F.3d at 84. A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established . . . ." *Kilderis v. Trattoria El Greco*, No. 10-CV-4288 (JBW)(CLP), 2011 WL 7114003, at *2 (E.D.N.Y. Sept. 23, 2011), *report and recommendation adopted*, 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012).

In considering a motion for default judgment, a court accepts a plaintiff's "factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor." *Finkel*, 577 F.3d at 84. In the

context of a motion for default judgment on FLSA and NYLL claims, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012); *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011).

However, a default is "not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). "The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-06476 (ARR)(PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *report and recommendation adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020).

## II. Jurisdiction, Service, and Procedural Compliance with Local Civil Rules

The Court has original subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his NYLL claims pursuant to 28 U.S.C. § 1367.

On September 24, 2025, Plaintiff served JSN, a New York limited liability company, by delivering a copy of the Summons and Complaint to the New York Secretary of State. (Dkt. 13.) N.Y. Bus. Corp. L. § 306(b)(1); Fed. R. Civ. P. 4(h)(1)(B). On September 25, 2025, Plaintiff served the Individual Defendants by leaving a copy of the Summons and Complaint with a person of suitable age and discretion at their last known residence, which is in New York. (Dkts. 11, 12.) Accordingly, the Court has personal jurisdiction over all Defendants.

The Local Civil Rules require a Plaintiff to file, along with a Notice of Motion, a Memorandum of Law, a declaration showing that the Clerk has entered default, a Proposed Default Judgment Order detailing the proposed judgment to be entered, proof of having mailed the motion papers to Defendants, and a statement of damages affirmed by someone with personal knowledge. *See* Loc. Civ. Rule 7.1, 55.2. Plaintiff has complied with all these rules. (*See* Dkts. 21-23.)

## III. Liability under the FLSA and NYLL

### *A. Statute of Limitations under FLSA and NYLL*

The FLSA statute of limitations is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "When a defendant defaults, the violation is considered 'willful' and the three-year statute of limitations applies." *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089 (KAM)(SMG), 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (citing *Blue v. Finest Guard Servs., Inc.*, No. 09-CV-0133 (ARR)(CLP), 2010 WL 2927398 (E.D.N.Y. June 24, 2010), *report and recommendation adopted*, 2010 WL 2927403 (E.D.N.Y. July 19, 2010)). "The statute of limitations starts to run when the employee begins to work for the employer." *Id.* (citation omitted).

Plaintiff commenced this action on September 18, 2025, alleging violations that occurred during his employment from May 2019 to September 2024. Because Defendants have defaulted, I find that the violations are willful and the three-year FLSA statute of limitations applies. Thus, Plaintiff may recover for any FLSA claims that accrued starting on September 18, 2022.

Under the NYLL, the statute of limitations is six years. *See* NYLL §§ 198(3), 663(3). Plaintiff may accordingly recover under the NYLL for any claims that accrued starting on September 18, 2019.

### *B. FLSA Legal Standards*

The FLSA is to be "construed . . . liberally" because its "broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency." *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 296 (1985) (quotation and citations omitted). To plead a cause of action under the FLSA, a plaintiff must establish that: (1) defendants are employers subject to the FLSA; (2) plaintiff is an employee within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA. *See Rowe v. CC Rest. & Bakery, Inc.,* No. 17-CV-1423 (CBA)(PK), 2019 WL 4395158, at *4 (E.D.N.Y.

Aug. 15, 2019), *report and recommendation adopted*, 2019 WL 4393987 (E.D.N.Y. Sept. 13, 2019). Courts in the Second Circuit have "treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008).

**1. <u>Whether Defendants are Employers</u>**

The FLSA broadly describes an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and does not define the term "'employer' in the first instance." *Irizarry v. Catsimatidis,* 722 F.3d 99, 103 (2d Cir. 2013).

A defendant is an employer under the FLSA if it meets the criteria for either enterprise or individual coverage. *See Rowe*, 2019 WL 4395158, at *4. The individual coverage test considers the "employment actions of each" plaintiff to determine whether "the employees themselves are 'engaged in commerce.'" *Id.* Even if the plaintiffs are not themselves engaged in commerce, a defendant may meet the enterprise coverage test if the defendant has employees engaged in commerce or in the production of goods for commerce, "or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i–ii); *see also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015). "Commerce" is "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Even local activities may meet this test if "an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) (quoting *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998)).

Plaintiff alleges that JSN engaged in interstate commerce by purchasing materials, goods, supplies and products from suppliers located outside the State of New York. (Dotel Aff. ¶ 6). Additionally, Plaintiff alleges JSN had gross revenue in excess of $500,000 per year. (Compl. ¶ 11). While Plaintiff has not provided any additional evidence that JSN earns more than $500,000 in gross revenue annually, Plaintiff's conclusory allegations are sufficient in light of JSN's default. *See Castillo v. RV Transp., Inc.*, No. 15-CV-0527 (LGS)(JCF), 2015 WL 13746672, at *2 (S.D.N.Y. Dec. 21, 2015), *report and recommendation adopted as modified*, 2016 WL 1417848 (S.D.N.Y. Apr. 11, 2016) (accepting bare allegation that enterprise took in $500,000 in gross revenue as sufficient in light of default).

For the Individual Defendants, "[t]he underlying inquiry in determining 'employer' status is whether the individual possessed operational control over employees: 'control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Tapia v. BLCH 3rd Ave. LLC.*, 906 F.3d 58, 61 (2d Cir. 2018) (quoting *Irizarry*, 722 F.3d at 104). Plaintiff alleges that during his employment, Individual Defendants oversaw the daily operations, personnel decisions and payroll decisions of JSN. (Compl. ¶¶ 14-16; Dotel Aff. ¶ 5). Therefore, Plaintiff's allegations are sufficient to establish Individual Defendants as employers for purposes of the FLSA. *See Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d. Cir. 1984).

Accordingly, I find that Defendant are employers under the FLSA.

### 2. <u>Whether Plaintiff was an Employee</u>

An "employee" under the FLSA is likewise broadly defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Plaintiff alleges that he was employed by Defendants. (Compl. ¶ 7.) Plaintiff's allegations establish that he was an employee under the FLSA.

### 3. <u>Whether any FLSA Exemption Applies</u>

Plaintiff must show that he is not exempt from the FLSA's protections. *See* 29 U.S.C. § 213. The Complaint pleads sufficient facts to establish that Plaintiff is a non-exempt employee under the

FLSA. Plaintiff was employed as a painter and performed "related miscellaneous duties for the Defendants." (Compl. ¶ 22.) Accordingly, the facts pleaded in the Complaint establish that Plaintiff was a non-exempt employee under the FLSA. *See* 29 C.F.R. § 541.3(a) ("non-management employees in maintenance, construction and similar occupations such as . . . laborers" are not exempt under the FLSA).

### *C. NYLL Legal Standards*

In order to bring a claim under the NYLL, Plaintiff must first establish that his employment relationship with Defendants falls within the NYLL, which applies to "any person employed for hire by an employer in any employment." NYLL § 190(2). "Unlike the FLSA, the NYLL does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." *Garcia v. Badyna*, No. 13-CV-4021 (RRM)(CLP), 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014). Otherwise, the NYLL's definition of "employer" is "nearly identical" to that of the FLSA, and the analysis of the employment relationship under both statutes is based on the same factors. *See Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV)(VMS), 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016) (collecting cases holding that the FLSA and NYLL are interpreted consistently with one another on the question of employer status).

As the NYLL and the FLSA definitions of "employer" are coextensive, *see Fermin*, 93 F. Supp. 3d at 37, I find that Plaintiff has established his employment relationship with Defendants within the meaning of the NYLL.

### *D. Overtime Claims under the FLSA and NYLL*

Under both the FLSA and the NYLL, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Health Care Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29

U.S.C. § 207(a)); 12 N.Y.C.R.R. § 142-2.2). To support "a reasonable inference" that he worked more than forty hours in a given week, *Nakahata*, 723 F.3d at 201, a plaintiff must sufficiently allege some uncompensated time in excess of the 40 hours of work in a given workweek, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), and provide "sufficient detail about the length and frequency" of the unpaid work, *Nakahata*, 723 F.3d at 201. *See also Fermin*, 93 F. Supp. 3d at 44-45 (finding allegations that plaintiff worked over forty hours a week established an overtime claim).

Plaintiff alleges that, except during the Christmas and New Year's holidays, he regularly worked more than 40 hours per week and was never paid overtime. (Compl. ¶ 30). Plaintiff has provided sufficient detail regarding the amount of hours he worked overtime each week (Dotel Aff. ¶ 13; Tr. at 9:4-16; 19:8-13; 21:2-8) to establish Defendants' liability for failure to pay him overtime pursuant to both the FLSA and the NYLL. *See Newman v. W. Bar & Lounge, Inc.*, No. 20-CV-1141 (KAM)(RER), 2021 WL 2401176, at *7 (E.D.N.Y. June 11, 2021) (plaintiff's sworn statement estimating his schedule and pay established that he worked over 40 hours a week without time-and-a-half compensation, subjecting defendants to liability on default).

Accordingly, I respectfully recommend Defendants be held liable under the FLSA and NYLL for failure to pay overtime wages.

### *E. Minimum Wages Claims under the FLSA and NYLL*

The FLSA mandates that covered employers must pay employees the federal minimum wage, which is $7.25 per hour. 29 U.S.C. § 206(a)(1).

"Under the NYLL, employees must be paid at least the minimum hourly wage for each hour that they work." *Agramonte v. Pineridge Commc'ns, Inc.*, No. 23-CV-9029 (PKC)(PK), 2024 WL 5399233, at *6 (E.D.N.Y. Dec. 20, 2024) (citing NYLL § 652). The New York minimum wage varies by company size and location within the state. From 2019 onward, the minimum wage for companies with 11 or more employees within New York City, like JSN (Compl. ¶ 44), was $15.00 an hour. NYLL

§ 652(1)(a)(i). Moreover, "[w]here a non-exempt employee has an agreement with his or her employer to be paid at a rate greater than the minimum wage, several courts have found that the failure to pay the promised rate is a violation of NYLL § 191, entitling the employee to damages under NYLL § 198." *Cavalotti v. Daddyo's BBQ, Inc.*, No. 15-CIV-6469 (PKC)(VMS), 2018 WL 5456654, at *13 (E.D.N.Y. Sep. 8, 2018) (collecting cases).

Plaintiff alleges that Defendants violated the minimum wage requirements under the FLSA and NYLL by failing to pay him any wages for 13 weeks of work. (Dkt. 23 at 16, Dotel Aff. ¶ 15; Tr. at 12:2-3; 24:9-11; 26:5-8). I find that these allegations sufficient to establish that Plaintiff received no pay for 13 weeks. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (finding that a Plaintiff can demonstrate unpaid wages "through estimates based on his own recollection").

I respectfully recommend that Defendants be held liable under the FLSA for failure to pay minimum wages and under the NYLL for failure to pay regular wages at the promised rate when Plaintiff was not paid at all.

***F. Untimely Wage Claims Under the NYLL § 191(1)(a)(i)***

Effective May 9, 2025, NYLL § 198(1-a) provides a private cause of action for violations of NYLL § 191(1)(a). NYLL § 198(1-a); S.B. 3006-C, 2025-2026 Leg. Sess., Reg. Sess. (N.Y. 2025) (enacted); *see also Garcia v. New Force Constr. Corp., No.* 23-CV-2336, 2025 WL 2015158, at *15 (E.D.N.Y. Jul. 18, 2025) ("As amended, NYLL § 198(a-1) now explicitly states that it provides a private cause of action for violations of Section 191(a). . . ."). These amendments apply to causes of action pending or commenced on or after May 9, 2025. NYLL § 198(1-a); S.B. 3006-C, 2025-2026 Leg. Sess., Reg. Sess. (N.Y. 2025).

The NYLL states that employers must pay "manual workers" weekly and "not later than seven calendar days after the end of the week in which wages are earned." NYLL § 191(1)(a)(1). New York Department of Labor guidance defines manual workers as individuals who spend more than 25% of

their working time engaged in physical labor. *See* N.Y. Dep't of Labor Op. Ltr. No. RO-09-0066 (May 21, 2009); *Krawitz v. Five Below, Inc.*, No. 22-CV-2253 (LDH)(ARL), 2023 WL 6385711, at *3 n.4 (E.D.N.Y. Sept. 29, 2023) ("The duties an employee performs, not his title, determines whether he is a manual worker."). NYLL § 198(1-a) entitles an employee to liquidated damages under this provision.

Plaintiff stated that he is a manual worker engaged in "painting and spray[ing] . . . around different locations in Manhattan." (Tr. at 16:11-17). While Plaintiff does not state explicitly that more than 25 percent of his duties were manual, I find his allegations that his work entailed physical labor sufficient to establish that he was a "manual worker." Moreover, Plaintiff alleges that "from in or around June 2023 until in or around September 2024, the[D]efendants started paying [him] every three weeks." (Dotel Aff. ¶ 14; Compl. ¶ 31).

Moreover, in assessing whether a plaintiff has standing to bring a claim for the late payment of wages, courts in this Circuit have consistently held that the mere loss of the time value of money suffices to meet the Article III "injury-in-fact" requirement. *Tzilin v. Jimmy G Constr. Corp.*, No. 23-CV-4047 (ENV)(MMH), 2024 WL 4309775, at *12 (E.D.N.Y. Sept. 26, 2024); *Garcia v. Skechers USA Retail, LLC*, No. 23-CV-1055 (PKC)(JAM), 2024 WL 1142316, at *3 (E.D.N.Y. Mar. 15, 2024) (collecting cases). *See also, e.g., McLaughlin v. Onanafe Mgmt. Sols. LLC*, No. 22-CV-6792 (PKC)(MMH), 2024 WL 4184485, at *12 (E.D.N.Y. Sept. 14, 2024) ("[T]he loss of the time value of money owed to plaintiff is not a harm that might occur, but one that has occurred") (internal quotation omitted, emphasis in original), *report and recommendation adopted*, 2024 WL 4355485 (E.D.N.Y. Sept. 30, 2024)

In his sworn declaration, Plaintiff states that he "experienced a myriad of serious financial difficulties specifically in covering [his] regular and daily expenses such as payment for bills, food, transportation, and other expenses." (Dotel Aff. ¶ 17.) Because Defendants' failure to pay Plaintiff weekly "stripped [him] of the opportunity to use funds to which [he was] legally entitled," *Levy v. Endeavor Air, Inc.*, 638 F. Supp. 3d 324, 329 (E.D.N.Y. 2022), Plaintiff has alleged an injury-in-fact

sufficient to confer Article III standing to contest Defendants' failure to timely pay wages under NYLL § 191.

I find these allegations sufficient and respectfully recommend that Defendants be held liable for failing to pay Plaintiff on a weekly basis as required by NYLL § 191(1)(a).

### *G. Wage Notice and Wage Statement Claims*

Plaintiff alleges violations of NYLL §§ 195(1) and 195(3), the statute's wage notice and statement provisions. (Compl. ¶¶ 77-82). Section 195(1)(a) requires employers to provide employees at the time of hire with a wage notice containing, inter alia, the rate of pay, the basis thereof, and pay schedule. Section 195(3) requires employers to provide employees "with every payment of wages," a statement listing various information including the dates of work covered by the payment, information identifying the employer and employee, details regarding the rate of pay and the overtime rate of pay, and the number of hours worked.

Here, Plaintiff alleges that he never received any paystubs reflecting the number of hours he actually worked (Dotel Aff. ¶ 18), nor did he ever receive any wage notices (*id.* ¶ 21).

To bring New York wage statement and notice claims in federal court, Plaintiff must establish Article III standing by showing that he suffered a concrete injury in fact. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 414 (2021). Plaintiff must "link" the Defendants' failure to provide him with wage information to the failure to lawfully compensate him. *Gaskin v. Brooklyn Suya Corp.*, No. 22-CV-5648 (ENV)(LB), 2023 WL 9232962, at *8 (E.D.N.Y. Oct. 26, 2023) (collecting cases).

Here, Plaintiff alleges that the lack of wage notice and wage statements caused him to suffer a concrete and particularized injury-in-fact (Pl.'s Response to Order to Show Cause, Dkt. 9) in that he was "unable to identify [his] regular hours, overtime hours, terms, rates of pay, and deductions which resulted in [his] inability to ascertain if [he] was being paid properly for all [his] hours worked." (Dotel

Aff. ¶ 18). As a result, he "suffered concrete harm as [he] was unable to accurately calculate the exact wages that were delayed and owed to [him]." (*Id.* at ¶ 19.)

I find these allegations sufficient to demonstrate Article III standing, and I respectfully recommend that Defendants be held liable for violations of NYLL §§ 195(1)(a) and 195(3).

## IV. Damages

A plaintiff "may not recover double damages for the same injury under both the FLSA and NYLL, though the plaintiff is entitled to relief under whichever statute provides the greater measure of damages." *Zabrodin v. Silk 222, Inc.*, 702 F.Supp.3d 102, 122 (E.D.N.Y. 2023); *see also Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). Because recovery is greater under the NYLL, I calculate damages pursuant to the NYLL for all claims.

### *A. Unpaid Overtime Wage Damages*

Plaintiff is entitled to an overtime premium for all hours worked over forty per week at 1.5 times the greater of his "regular rate" of pay or minimum wage under the NYLL. *Perez Campos v. Quentin Mkt. Corp.*, No 16-CV-5303, 2018 WL 9945754 (DLI)(RER) at *4, *8 (E.D.N.Y. Oct. 17, 2018).

"When an employee is paid on a piece work basis, salary, or any basis other than hourly rate, the regular hourly wage shall be determined by dividing the total hours worked during the week into the employee's total earnings." N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.16. Plaintiff's "regular rate" is set forth below.

| Time Period | Days and Hours Worked | Weekly Pay | Hours Worked Per Week | Effective Rate (Weekly Pay / Hours Worked Per Week) |
|---|---|---|---|---|
| Sept. 18, 2019 – Dec. 18, 2019 | 7 days, 16 hours each | $1575 | 112 | $14.06 |
| Dec. 19, 2019 – Jan. 2, 2020 | 3 days, 8 hours each | $675 | 24 | $28.13 |
| Jan. 3, 2020 – Mar. 31, 2020 | 7 days, 16 hours each | $1575 | 112 | $14.06 |

| Time Period | Days and Hours Worked | Weekly Pay | Hours Worked Per Week | Effective Rate (Weekly Pay / Hours Worked Per Week) |
|---|---|---|---|---|
| Sept. 1, 2020 – Dec. 22, 2020 | 7 days, 16 hours each | $1575 | 112 | $14.06 |
| Dec. 23, 2020 – Jan. 6, 2021 | 3 days, 8 hours each | $675 | 24 | $28.13 |
| Jan. 7, 2021 – Dec. 2, 2021 | 3 days, 8 hours each; 3 days 16 hours each | $1350 | 72 | $18.75 |
| Jan. 17, 2022 – Sept. 30, 2024 | 3 days, 8 hours each; 3 days 16 hours each | $1350 | 72 | $18.75 |

Plaintiff's overtime wages are calculated based on the higher of the New York minimum wage or his "regular rate" as set forth in the following table:

| Time Period | Weekly Hours Over 40 ("OT Hours") | Minimum Wage or Effective Hourly Rate | Overtime Premium ("OT Prem.") | Full Weeks Worked | Overtime Pay Owed (OT Hours x OT Prem. x Full Weeks Worked) |
|---|---|---|---|---|---|
| Sept. 18, 2019 – Dec. 18, 2019 | 72 | $15.00 | $7.50 | 13 | $7,020.00 |
| Dec. 19, 2019 – Jan. 2, 2020 | 0 | - | - | - | - |
| Jan. 3, 2020 – Mar. 31, 2020 | 72 | $15.00 | $7.50 | 13 | $7,020.00 |
| Sept. 1, 2020 – Dec. 22, 2020 | 72 | $15.00 | $7.50 | 16 | $8,640.00 |
| Dec. 23, 2020 – Jan. 6, 2021 | 0 | - | - | - | - |
| Jan. 7, 2021 – Dec. 2, 2021 | 32 | $18.75 | $9.38 | 47 | $14,107.52 |
| Jan. 17, 2022 – Sept. 30, 2024 | 32 | $18.75 | $9.38 | 141 | $42,322.56 |
| | | | | **Total:** | $79,110.08 |

Accordingly, I respectfully recommend that Plaintiff be awarded $79,110.08 in unpaid overtime wages.

### *B. Minimum Wages Claims under the FLSA and NYLL*

Under the NYLL, "a plaintiff can recover for unpaid . . . 'time' at the agreed-upon rate, even if it exceeds the minimum wage." *Calle v. Yoneles Enters., Inc.*, No. 16-CV-1008 (NGG)(RLM), 2017 WL 6942652, at *7 (E.D.N.Y. Oct. 24, 2017), *report and recommendation adopted*, 2018 WL 401269 (E.D.N.Y. Jan. 12, 2018).

Plaintiff alleges that Defendants failed to pay him for 13 weeks of work at a rate of $225 per day. (Dotel Aff. ¶ 15; Tr. at 12:2-3; 24:9-11; 26:5-8). Plaintiff was unable to identify precisely which

weeks he worked but received no pay; however, he stated that these thirteen weeks of unpayment began around July 2023. (Tr. at 13:11-14; 22:9-11.) During this period, Plaintiff worked six days a week. Therefore, I calculate his damages using a six-day work week at his promised wage rate of $225 per day. Accordingly, I respectfully recommend that Plaintiff be awarded $17,550 for the thirteen weeks that he worked without receiving any payment.

### *C. Wage Notice and Wage Statement Damages*

Violations of NYLL § 195(1) carry damages of $50 per workday, for a maximum of $5,000, along with costs and attorney fees. NYLL § 198(1-b). Violations of NYLL § 195(3) carry damages of $250 per workday, for a maximum of $5,000, along with costs and attorney's fees. NYLL § 198(1-d).

Because Plaintiff never received a wage notice or wage statements from Defendants, and because Plaintiff worked for Defendants for more than 100 days, he is entitled to the maximum damages under both provisions.

Accordingly, I respectfully recommend that Plaintiff be awarded $5,000 in damages under Section 195(1) and $5,000 in damages under Section 195(3).

### *D. Liquidated Damages*

#### 1. <u>Promised Wages and Overtime under the FLSA and NYLL</u>

An employee may recover liquidated damages under either the FLSA or NYLL equal to the amount owed for unpaid wages. 29 U.S.C. § 216(b); NYLL §§ 190, 198(1-a). The Second Circuit has interpreted the NYLL to preclude the award of double liquidated damages—that is, liquidated damages under both the NYLL and FLSA. *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). Plaintiff may therefore be awarded liquidated damages pursuant to the NYLL or the FLSA and may elect the higher amount. *See Charvac v. M&T Project Managers of N.Y., Inc.*, No. 12-CV-5637 (CBA) (RER), 2015

WL 5475531, at *4, *6 (E.D.N.Y. June 17, 2015), *report and recommendation adopted as modified*, 2015 WL 5518348 (E.D.N.Y. Sept. 17, 2015).

If the employer shows that "the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA or NYLL, a court may decide not to award liquidated damages. 29 U.S.C. § 260; *see* NYLL § 198(1-a) (granting same good-faith exception to liquidated damages). Because Defendants did not respond to the Motion, there is no showing of good faith, and liquidated damages are appropriate. *See Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695 (ARR)(MDG), 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015) (defaulting defendants did not show good faith).

Accordingly, I respectfully recommend that Plaintiff be awarded $96,660.08 in liquidated damages equal to the amount owed for unpaid promised wage and overtime violations under the NYLL.

**2. <u>Untimely Payments under the NYLL</u>**

A worker cannot be awarded liquidated damages for late payment under NYLL § 191 where they would be duplicative of liquidated damages awarded for unpaid wages and overtime violations. *See McLaughlin*, 2024 WL 4184485, at *16. Additionally, to avoid duplicating the liquidated damages for unpaid promised wages, liquidated damages for a violation of section 191 should be limited to the "amount of late payments actually received." *Anzures v. Maredin Rest. Corp.*, No. 22-CV-2798 (EK)(JRC), 2024 WL 1376812, at *15 (E.D.N.Y. Jan. 24, 2024), *report and recommendation adopted*, 2024 WL 1367963 (E.D.N.Y. Apr. 1, 2024).

Effective May 9, 2025, NYLL § 198(1-a) was revised to limit damages for violations of NYLL § 191(1)(a) where the employer has paid wages to manual workers "no less frequently than semi-monthly." S.B. 3006-C, 2025-2026 Leg. Sess., Reg. Sess. (N.Y. 2025). For a first-time violation, the employer's exposure is limited to no more than 100% of the lost interest found to be due for delayed

wage payments. *Id.* These amendments apply to causes of action pending or commenced on or after May 9, 2025. *Id.*

Semimonthly means twice a month. *Semimonthly*, Merriam-Webster, https://www.merriam-webster.com/dictionary/semimonthly (last visited Aug. 28, 2026). Here, Plaintiff stated that he was paid every three weeks. (Tr. at 22:1-16.) Although payment every three weeks could result in Plaintiff being paid twice a month, I find that based on this frequency of pay, Plaintiff was paid "less frequently than semi-monthly." *See Jackson v. Britannica Floor Covering, Inc.*, No. 23-CV-3526 (MKB), 2026 WL 1906586, at *14 (E.D.N.Y. July 2, 2026) (finding a violation under the NYLL § 198(1-a) amendments from two week pay frequency); *see also Dudnauth v. A.B.C. Carpet & Home Inc.*, No. 23-CV-1858 (ER), 2026 WL 865711, at *2 (S.D.N.Y. Mar. 30, 2026)(same for "bi-weekly").

The May 2025 amendments do not state how the liquidated damages are calculated when an employer pays less frequently than semi-monthly. *See Xia v. New Yung Wah Carrier LLC*, No. 21-CV-4475 (HG) (VMS), 2025 WL 3460746, at *11 (E.D.N.Y. Sept. 17, 2025), *report and recommendation adopted*, 2026 WL 629564 (E.D.N.Y. Mar. 6, 2026). However, because I find that the amendments do not change how the law applies to a manual worker who was paid every three weeks, such as Plaintiff, I rely on decisions interpreting § 191(1)(a) prior to the amendments and find that Plaintiff's damages should be paid upon the amount that was untimely paid.

The Court in *Anzures v. Maredin Rest. Corp.* calculated liquidated damages on an untimely payment claim for a bi-weekly pay period. 2024 WL 1376812, at *15. The Court stated that for a bi-weekly payment period, "one-half of each payment received. . . was paid late" which "correspond[ed] to the first of the two weeks covered by the payment." *Id.* Therefore, the liquidated damages "should be based only on the failure to pay timely agreed-upon wages during the first week of each bi-weekly pay period." *Id.* The Court calculated the liquidated damages by first calculating the number of weeks late, which was one out every two-week payment period, and multiplying this by the weekly salary.

Defendants paid Plaintiff every three weeks from July 2023 to September 2024. (Tr. at 22:11-20.) During this period, Plaintiff received delayed payments but was also unpaid for thirteen weeks. (Dotel Aff. ¶ 15; Tr. at 12:2-3; 24:9-11; 26:5-8). Because I already recommended that Plaintiff be awarded liquidated damages for the thirteen weeks for which he worked but received no pay, I exclude these thirteen weeks from his liquidated damages for his failure to pay timely wages claim. *See, e.g., Anzures*, 2024 WL 1376812, at *15 (denying liquidated damages for an untimely payment claim that were "duplicative of the liquidated damages already recommended for defendants' failure to pay overtime wages").

There are 65 weeks between July 1, 2023 and September 30, 2024. Excluding thirteen weeks, there were 52 weeks during which Plaintiff was paid every three weeks. The number of weeks late, therefore, is two out of every three-week payment period, *i.e.*, 35 weeks. Plaintiff's weekly salary during this period was $1,350. Accordingly, I respectfully recommend that Plaintiff be awarded $47,250 in liquidated damages for payments made untimely under the NYLL.

### *E. Prejudgment Interest*

Plaintiff seeks prejudgment interest under the NYLL. Prejudgment interest is available for all underpayments under the NYLL. *See* NYLL § 198(1-a); *Fermin*, 93 F. Supp. 3d at 30.

In New York, prejudgment interest accrues at the statutory rate of nine percent per year. N.Y. C.P.L.R. § 5004. "Where [] damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.* at § 5001(b). Courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994). "Most courts in this district calculate simple prejudgment interest in NYLL actions from the midpoint date of the claims through the date judgment is entered." *Perez Campos*, 2018 WL 9945754, at *8 (citing *Fermin*, 93 F. Supp. 3d at 49). Other courts have used the midpoint between the first and last dates of

the plaintiff's NYLL claims. *See, e.g., Hernandez v. NJK Contractors, Inc.*, No. 09-CV-4812 (RER), 2015 WL 1966355, at *51 (E.D.N.Y. May 1, 2015).

**1. <u>Prejudgment Interest For Unpaid Overtime Wages</u>**

Plaintiff's seeks prejudgment interest for his overtime claims under the NYLL during the entirety of his employment within the statute of limitations, which was from September 18, 2019 to September 30, 2024. The midpoint—for purposes of calculating prejudgment interest of underpayments is—March 25, 2022. Plaintiff's overtime damages are $79,110.08. Prejudgment interest on those damages at a rate of nine percent per year is $7,119.91, which results in a daily interest rate of $19.51.

Accordingly, I respectfully recommend that Plaintiff be awarded prejudgment interest at a daily rate of $19.51 from March 25, 2022 through the entry of judgment for his overtime claims under the NYLL.

**2. <u>Prejudgment Interest For Unpaid Promised Wages</u>**

Plaintiff was unable to identify the exact dates for the thirteen weeks that Plaintiff worked but was not paid but stated that this began during the same time as the late payments. (Tr. at 13:11-14; 22:9-11.) Therefore, I calculate Plaintiff's prejudgment interest for unpaid promised wages claims under the NYLL based on the midpoint between July 1, 2023 and Sept. 30, 2024, which is February 14, 2024. Plaintiff's unpaid promised wages damages are $17,550. Prejudgment interest on those damages at a rate of nine percent per year is $1,579.50, which results in a daily interest rate of $4.33.

Accordingly, I respectfully recommend that Plaintiff be awarded prejudgment interest at a daily rate of $4.33 from February 14, 2024 through the entry of judgment for his unpaid promised wages claims under the NYLL.

### *F. Post-Judgment Interest*

Post-judgment interest is mandatory. *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004); *see* 28 U.S.C. § 1961(a) (post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment"); *Lamaka v. Russian Desserts Inc.*, No. 18-CV-7354 (ILG)(VMS), 2021 WL 2188280, at *18 (E.D.N.Y. Feb. 12, 2021*), report and recommendation adopted*, 2021 WL 2184870 (E.D.N.Y. May 28, 2021) (awarding post-judgment interest despite plaintiff's failure to request it).

Accordingly, I respectfully recommend that Plaintiff be awarded post-judgment interest, calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

### *G. Fifteen Percent Increase Penalty if Damages Not Paid Within Ninety Days*

In the Memorandum of Law in support of the Motion (Dkt. 23), Plaintiff seeks an automatic fifteen percent increase for any unpaid amount of the judgment still pending after ninety days, as provided for at NYLL § 198(4). That provision mandates that "any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4); *see also Rodriguez v. Solares Corp.*, No. 16-CV-3922 (CBA)(SMG), 2018 WL 7252949, at *12 (E.D.N.Y. Aug. 14, 2018), *report and recommendation adopted*, 2019 WL 486883 (E.D.N.Y. Feb. 7, 2019). This award is mandatory, even though Plaintiff did not request it in the Complaint.

The increase applies to damages awarded under state law. *See Solares Corp.*, 2018 WL 7252949, at *12 (recommending that the fifteen-percent increase provided for under NYLL § 198(4) be limited to amounts "awarded exclusively under the NYLL"); *see also De la Cruz Casarrubias v. Surf Ave Wine & Liquor Inc.*, No. 20-CV-3003 (AMD)(RLM), 2021 WL 2227977, at *13 (E.D.N.Y. May 11, 2021), *report and recommendation adopted*, 2021 WL 2223275 (E.D.N.Y. June 2, 2021) (citing *Solares Corp.* and limiting conditional fifteen percent enhancement to damages awarded under the NYLL).

Accordingly, I respectfully recommend that Plaintiff's damages under the NYLL be increased by fifteen percent if Defendant fails to timely satisfy the judgment within ninety days.

## V. Attorney's Fees and Costs

Prevailing plaintiffs are allowed to recover reasonable attorneys' fees and costs under both the FLSA and the NYLL. *See* 29 U.S.C. § 216(b); NYLL § 663(1).

### *A. Attorneys' Fees*

District courts have broad discretion to determine the amount of attorneys' fees awarded, and the party requesting fees must submit documentation to support its request. *Mahoney*, 2016 WL 6585810, at *18. Courts must "us[e] their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Century 21 Real Est. LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 298 (E.D.N.Y. 2009) (quotation and citation omitted).

#### 1. <u>Reasonable Hourly Rate</u>

Plaintiff requests attorneys' fees for work done by Roman Avshalumov, Esq. at a rate of $500 per hour, James O'Donnell, Esq. at a rate of $400 per hour, and Katelyn M. Schillaci, Esq. at a rate of $250 per hour. (Dkt. 22-11). Mr. Avshalumov has been an attorney for over fifteen years and has worked on numerous labor and employment cases. *Id.* Mr. O'Donnell has been an attorney for ten years, is the head of the labor law group at Helen F. Dalton & Associates, P.C., and has exclusively

worked on employment matters during his nine years at the firm. *Id.* Ms. Schillaci is a second-year associate, concentrating on wage-and-hour and discrimination matters. *Id.*

A reasonable hourly rate is determined by applying the forum rule. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Diaz v. Rene French Cleaners, Inc.*, 20-CV-3848 (RRM)(RER), 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022) (quotations and citation omitted), *report and recommendation adopted*, 2022 WL 4662247, at *1 (E.D.N.Y. Sep. 30, 2022).

Accordingly, I respectfully recommend reducing the hourly rate for Roman Avshalumov from $500 to $450, the hourly rate for James O'Donnell from $400 to $325, and the hourly rate for Katelyn Schillaci from $250 to $200. *See also Lopez v. Int'l Drywall, Inc.*, No. 22-CV-7026 (LDH)(SDE), 2026 WL 2264451, at *12 (E.D.N.Y. Aug. 5, 2026) (reducing hour rates for same attorneys).

Plaintiff also requests $100 per hour for bilingual paralegal services. I find $100 per hour to be a reasonable rate. *Lata v. Live Constr. Corp.*, No. 24-CV-5981 (RER)(CLP), 2025 WL 2782336, at *18 (E.D.N.Y. Sept. 18, 2025), *report and recommendation adopted*, 2025 WL 2782495 (E.D.N.Y. Sept. 30, 2025)(finding $100 for bilingual paralegal services in FLSA case to be reasonable).

**2. Reasonableness of Time Billed**

Plaintiff seeking attorneys' fees must submit contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "[T]o determine whether the number of hours spent by Plaintiff's counsel was reasonable, the Court must 'use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case.'" *Litkofsky v. P & L Acquisitions, LLC*, No. 15-CV-5429 (DRH)(AKT), 2016 WL 7167955, at *10 (E.D.N.Y. Aug. 19, 2016), *report and recommendation adopted sub nom.*, 2016 WL 7168069

(E.D.N.Y. Dec. 8, 2016) (alteration in original) (quoting *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166 (TCP)(WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005)).

Here, Plaintiff submitted contemporaneous time sheets showing work performed in this case from February 5, 2025 to December 16, 2025. (Dkt. 22-11). Plaintiff requests attorneys' fees for 15.4 hours billed by Mr. Avshalumov, 1.1 hours billed by Mr. O'Donnell, 0.3 hours billed by Ms. Schillaci, and 9.3 hours for paralegal services. The hours billed by counsel for Plaintiff are reasonable. The entries indicate that an appropriate amount of time was devoted to each task and that the total amount of work done was reasonable.

Accordingly, I respectfully recommend that Plaintiff be awarded $8,277.50 in attorney's fees for the time expended in this matter.

### *B. Costs*

"Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." *Teamsters Loc. 815 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008). "Only those costs that are tied to 'identifiable, out-of-pocket disbursements' are recoverable." *Jimenez v. Green Olive Inc.*, 744 F.Supp.3d 221, 259 (E.D.N.Y. 2024), *report and recommendation adopted,* (E.D.N.Y. 2024)(citations omitted).

Plaintiff seeks costs totaling $963.80, representing $405 in filing fees, $428.80 for attempted service of the Complaint, and $130 for non-military affidavits. (Dkt. 22-11.) Plaintiff has provided documentation, in the form of receipts, to substantiate the requested fees. (*Id.*) Accordingly, I respectfully recommend that Plaintiff be awarded $963.80 in costs.

## CONCLUSION

Based on the foregoing, I respectfully recommend that the Motion be granted. I respectfully recommend that damages be awarded under the NYLL as follows:

- $79,110.08 for unpaid overtime wages;

- $17,550.00 in unpaid promised wage damages;
- $10,000.00 for wage notice and wage statement damages;
- $143,910.08 for liquidated damages;
- $8,277.50 for attorney's fees; and
- $963.80 in costs

I further recommend that prejudgment interest be awarded at a daily rate of $19.51 from March 25, 2022 through the entry of judgment, and daily rate of $4.33 from February 14, 2024 through the entry of judgment. In addition, post-judgment interest shall accrue thereafter until payment of the judgment amount, and a fifteen-percent increase in penalty if damages under the NYLL are not paid within ninety days of judgment or the expiration of time to appeal.

Any written objections to this Report and Recommendation must be filed within fourteen days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

Peggy Kuo

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
September 8, 2026